IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDAL K. PRUIT,

      Plaintiff,

vs.                                                  No. 2:22-cv-00372-WJ-KRS

STATE OF NEW MEXICO,
FRED VAN SOLEN,

      Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING
<u>FEDERAL CLAIMS AND REMANDING TO STATE COURT</u>**

THIS MATTER is before the Court on the Motion for Judgment on the Pleadings filed by Defendants State of New Mexico and Fred Van Solen (Doc. 17). The Court will grant the Motion in part, dismiss all federal claims for failure to state a claim on which relief can be granted, and remand any remaining state law claims to the State of New Mexico, First Judicial District Court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Randal K. Pruit filed his *pro se* Complaint for Negligence and Civil Rights Violations on March 16, 2022 in the First Judicial District Court, County of Santa Fe, State of New Mexico. (Doc. 1-2).[1] The Complaint was removed to this Court by the Defendants on May 13, 2022 based on the existence of a federal question. (Doc. 1). Plaintiff filed an Amended Complaint

---

[1] Plaintiff Pruit has previously brought other state and federal court cases arising out of the same underlying events, including federal case No. CV 19-00442 KG/KK, which was dismissed without prejudice, and state case no. D-101-cv-2021-00576, which was dismissed by stipulation in September 2022. It should be noted that the spelling of Plaintiff's first and last names varies from case to case. such as "Randal" and "Randall", "Pruit" and "Pruitt".

on July 28, 2022. (Doc. 14). The allegations of the Amended Complaint relating to Plaintiff's federal claims do not significantly differ from those of the original Complaint.

The Complaint and Amended Complaint assert federal civil rights claims under 42 U.S.C. §1983 and state law negligence claims under the New Mexico Tort Claims Act. (Doc. 1-2 at 1; Doc. 14 at 1). The Complaint and Amended Complaint allege that in 2005 Plaintiff Pruit entered into a plea agreement, pleading guilty to two DWI charges and two forgery charges in New Mexico state criminal case nos. D-905-CR-2003-00541, D-905-CR-2003-00862, D-905-CR-2005-00772, and D-905-CR-2005-00773. (Doc. 1-2 at 3; Doc. 14 at 4). At the time of his guilty plea, Pruit had at least ten New Mexico criminal proceedings pending against him. (Doc. 30-1 at 1). Pruit was sentenced to four years of incarceration and eight years of probation. (Doc. 1-2 at 3; Doc. 14 at 4).

After completing his sentences in D-905-CR-2003-00541, D-905-CR-2003-00862, D-905-CR-2005-00772, and D-905-CR-2005-00773, Pruit claims that, in 2019, he discovered that the prosecutor in the criminal proceedings, Defendant Van Solen, had made alterations to the state court Register of Actions (the state court dockets) to fraudulently conceal errors in Pruit's sentencing. (Doc. 1-2 at 3-4; Doc. 14 at 4-5). Plaintiff Pruit offers an Amended Judgment and Sentence entered January 16, 2007 in case no. D-905-CR-2003-00541, with hand-written corrections initialed by counsel changing count 1 from a fifth DWI to a fourth DWI. (Doc. 1-2 at 3; 14 at 4-5; Doc. 27-1 at 3, 11). It should be noted that facsimile information on the Amended Judgment and Sentence indicates it was transmitted from the office of defense counsel, Daniel Lindsey, not from the prosecutor Van Solen, on January 11, 2007. (Doc. 27-1 at 11-12). The Register of Actions for D-905-CR-2003-00541 does not, on its face, show any alterations to the

Register, but does reflect entry of the Amended Judgment and Sentence on January 16, 2007. (Doc. 27-1 at 1-5).

In 2019, after he had completed the sentences, Pruit filed two state court petitions under NMRA 5-803, raising the same challenges to his sentences in D-905-CR-2003-00541, D-905-CR-2003-00862, D-905-CR-2005-00772, and D-905-CR-2005-00773. Following denial of his petitions by the state district court, the New Mexico Court of Appeals rejected his challenges as untimely on August 18, 2022. (Doc. 30-1 at 1-4). Just prior to the New Mexico appellate court's rulings, Pruit instituted this civil rights proceeding in the State of New Mexico, First Judicial District Court, on March 16, 2022. (Doc. 1-2).

The Defendants filed their Motion for Judgment on the Pleadings on August 15, 2022. (Doc. 17). Plaintiff responded (Doc. 27) and Defendants replied. (Doc. 30). Defendants' Motion seeks dismissal of the claims in this case based on 11th Amendment sovereign immunity, prosecutorial immunity, the bar of *Heck v. Humphry*, the bar of the statute of limitations, qualified immunity, and immunity under the New Mexico Tort Claims Act. (Doc. 17 at 9-17). For the reasons stated below, the Court grants dismissal of Plaintiffs' federal claims based on sovereign and prosecutorial immunity and on the *Heck* and statute of limitations bars and remands any state law claims to state court.

## II.  STANDARDS FOR RULE 12(C) AND RULE 12(B)(6) MOTIONS

Defendants seek judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 17). A motion for judgment on the pleadings under Rule 12(c) proceeds under the same standards as a motion to dismiss for failure to state a claim. *Morris v. City of Colo. Springs,* 666 F.3d 654, 660 (10th Cir. 2021); *Ramirez v. Wal-Mart Stores, Inc.,* 192 F.R.D. 303, 304 (D.N.M. 2000). The Court has the discretion to dismiss an *in forma pauperis* complaint for failure to state a claim upon which

relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III.  ANALYSIS

**A.  The State of New Mexico is not a "Person" for Purposes of Section 1983**

Plaintiff Pruit asserts § 1983 civil rights claims against the State of New Mexico. (Doc. 1-2 at 1; Doc. 14 at 1). Plaintiff also sues Defendant Fred Van Solen as an Assistant District Attorney for the 9th Judicial District, but it is not clear whether Plaintiff asserts any claims against Van Solen in his official capacity.  (Doc. 1-2 at 1-2; Doc. 14 at 1-2).  Defendants seek dismissal of the claims

against the State of New Mexico and the official capacity claims against Defendant Van Solen based on 11th Amendment sovereign immunity. (Doc. 17 at 9). The Court will dismiss all § 1983 claims against the State and Van Solen.

The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). Similarly, official capacity claims against state officials are claims against the State and cannot be maintained under § 1983. *Id.* Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will*, 491 U.S. at 67, 71; *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). Therefore, the federal claims against the State of New Mexico and the official capacity claims against Defendant Van Solen, if any, will be dismissed.

**B. The Claims Against Prosecutor Van Solen are Barred by Prosecutorial Immunity**

Plaintiff Pruit also asserts § 1983 claims against Defendant Fred Van Solen in his individual capacity. (Doc. 14 at 2). At the time of the relevant events, Defendant Van Solen was an Assistant District Attorney for Curry County, New Mexico and acted as prosecutor in the underlying criminal proceedings against Plaintiff Pruit. (Doc. 1-2 at 1, 3; Doc. 14 at 1-2, 4). Defendant Van Solen seeks dismissal of the claims against him based on prosecutorial immunity. (Doc. 17 at 13-14).

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given

5

immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Plaintiff Pruit argues that Defendant Van Solen is not entitled to prosecutorial immunity because his post-sentencing actions were "illegal" and "not authorized", rendering them outside the scope of the prosecutorial function. (Doc. 1-2 at 2; Doc. 14 at 2, ¶ 6). However, the allegations and the record clearly show that, even if what he did was incorrect, Defendant Van Solen's actions were intimately associated with and a part of the judicial phase of the criminal process. (Doc. 1-2 at 3-4; Doc. 14 at 4-5). *Carter v. Burch,* 34 F.3d 257, 253 (4th Cir. 1994); *Martinez v. Winner,* 778 F.2d 553, 555-556 (10th Cir. 1985); *Buckley v. Fitzsimmons,* 509 U.S. 259, 271 (1993). Therefore, Defendant Van Solen has absolute prosecutorial immunity for the claims asserted by Pruit in this case and the individual federal claims will be dismissed. *Imbler v. Pachtman*, 424 U.S. at 430.

**C.  Plaintiff's Section 1983 Claims are Barred by *Heck v. Humphry***

Pruit's Complaint and Amended Complaint claim that his criminal sentences in New Mexico state court cases D-905-CR-2003-00541, D-905-CR-2003-00862, D-905-CR-2005-00772, and D-905-CR-2005-00773 are invalid due to alleged post-sentencing fraudulent concealment of sentencing errors and he seeks damages for illegal detention as a result. (Doc. 1-2 at 6; Doc. 14 at 4, 8-9). In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Pruit attempts to argue that he is not claiming the sentences were illegal but, instead, contends that modifications were made to the case records to correct errors in the Judgments and Defendant Van Solen hid the changes and failed to correct the sentences, rendering his continued detention illegal. (Doc. 14 at 4, 5-6, 8-9). However, Pruit's request for relief clearly necessitates the invalidation of his sentences since Pruit may not recover damages unless his convictions or sentences were wrongful. *Heck,* 512 U.S. at 487.

Pruit could have, but apparently did not, seek timely habeas corpus relief in state or federal court to correct any alleged sentencing errors. In 2019, he did file two untimely proceedings under NMRA 5-803, which were rejected by the New Mexico Court of Appeals on August 18, 2022. (Doc. 30-1 at 1-4). The convictions and sentences in his criminal cases have never been set aside in a manner that is inconsistent with guilt. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997).

Because a favorable ruling on Pruit's claims would require treating his sentences in D-905-CR-2003-00541, D-905-CR-2003-00862, D-905-CR-2005-00772, and D-905-CR-2005-00773 as invalid, the § 1983 civil rights claims against all Defendants must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The federal claims against Defendants are barred by *Heck* and, therefore, fail to state a claim upon

which relief can be granted under Rule 12(b)(6).

### D. Plaintiff's Federal Claims are Barred by the Statute of Limitations

The prosecution underlying Plaintiff's claims took place more than 15 years ago. (Doc. 1-2 at 3; Doc. 14 at 4). Plaintiff contends that Defendant Van Solen made changes to the state court register of activities and the Judgment and Sentence in D-905-CR-2003-00541, D-905-CR-2003-00862, D-905-CR-2005-00772, and D-905-CR-2005-00773 in 2007. (Doc. 27 at 5-6). Plaintiff also alleges that he did not discover those changes until a hearing held on March 12, 2019. (Doc. 1-2 at 2; Doc. 14 at 3). Pruit also argues that the claims in this case "relate back" to a prior state court case, D-101-cv-2021-00576, which was dismissed by stipulation of the parties in September 2022, and a prior federal case, CV 19-00442 KG/KK, which was dismissed without prejudice for failure to comply with a Court order. (Doc. 1-2 at 2; Doc. 14 at 3; No. CV 19-00442 KG/KK Doc. 22, 23). Defendants seeks dismissal of the federal civil rights claims as barred by the statute of limitations. (Doc. 17 at 15-17).

Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell,* 756 F.3d at1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012). The applicable statute of limitations for Pruit's claims under § 1983 is the three-year statute of limitations of § 37-1-8.

The allegedly improper changes made to the Register and Judgment in Pruit's state court criminal case were made on the public record in 2007. Moreover, the Amended Judgment and Sentence appears to bear the initials and facsimile transmission information of Pruit's criminal defense counsel at that time. (Doc. 27-1 at 11-12). Therefore, even if Pruit did not have actual knowledge, the information was publicly available, his counsel's knowledge would be imputed to him, and he should have known of the alleged injury and its cause at the time. *Mosley v. Pena,* 100 F.3d 1515, 1518 (10th Cir.1996) (notice to an attorney is generally imputed to the client); *Varnell,* 756 F.3d at1216. Therefore, the statute of limitations expired on his claims in 2010, more than 10 years before he filed his Complaint in this case.

Pruit argues that the filing of his claims in this case should relate back to his prior 2019 case asserting the same claims in this Court, No. CV 19-00442. The doctrine of relation back applies to amendment of pleadings, not to successive filing of cases and does not apply in these circumstances. See Fed. R. Civ. P. 15(c). However, even if the filing of this case could be deemed to relate back to Plaintiff's 2019 case, that case was also filed years after the statute of limitations had run on Plaintiff's claims. *Wallace v. Kato,* 549 U.S. at 391; *Harvey v. United States,* 685 F.3d at 949. Plaintiff Pruit's § 1983 claims are barred by the applicable statute of limitations.

### E. The Court Declines to Reach the Question of Qualified Immunity

Defendants also seek judgment on the pleadings based on qualified immunity. (Doc. 17 at 9-13). The pleadings and record are wholly inadequate for the Court to determine any issue of qualified immunity at this point in the proceedings. Further, because the Court is disposing of all federal causes of action for failure to state a claim for relief, it is unnecessary for the Court to decide whether the Defendant Van Solen is entitled to qualified immunity. Therefore, the Court declines to reach the question of qualified immunity.

### IV. THE COURT DENIES PLAINTIFF'S SECOND MOTION TO AMEND

Plaintiff filed his Second Motion to Amend on September 30, 2022. (Doc. 24). The Second Motion recites that Plaintiff plans to amend to add three additional parties, a prosecutor and two court clerks, and "several more causes of action, both state and federal" to his Complaint. (Doc. 24 at 1-2). Plaintiff does not provide any factual or legal detail regarding the additional causes of action, nor does he attach any proposed amended complaint to his motion.

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Pruit has already had one opportunity to amend his Complaint. (Doc. 10, 14). Because Plaintiff's proposed amendments will still be barred by immunity, the statute of limitations, or *Heck v. Humphry,* 512 U.S. 477, 487 (1994), any amendment of Plaintiffs' Complaint would be futile. *Bradley v. Val-Mejias,* 379 F.3d at 901. The Court will not grant leave to amend a second time and denies the Motion.

### V. THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION AND REMANDS ANY STATE LAW CLAIMS

Plaintiff Pruit's Complaint and Amended Complaint are titled "Complaint for Negligence and Civil Rights Violations." (Doc. 1-2 at 1; Doc. 14 at 1). Plaintiff invokes jurisdiction pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. (Doc. 1-2 at 1; Doc. 14 at 1). Plaintiff also uses the term "negligence" in the allegations of the Complaint. (Doc. 1-2 at 6; Doc. 14 at 7-

8). Although it is not entirely clear, Plaintiff's original Complaint appears to assert New Mexico a state law negligence claim. (Doc. 1-2 at 6). His Amended Complaint expressly includes negligence, prima facie tort, and fraud state law causes of action. (Doc. 14 at 8, causes of action nos. 5, 6, 7). The Amended Complaint also includes two claims, for false imprisonment and dereliction of duty, that appear to raise state law questions. (Doc. 14 at 7-8, causes of action nos. 3 and 4).

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. To the extent the Complaint and Amended Complaint allege any claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff Pruit's remaining state-law claims. *Osborn v. Haley,* 549

U.S. at 245. The Court will remand any state law claims to the State of New Mexico, First Judicial District Court.

**IT IS ORDERED:**

1. Plaintiff's Second Motion to Amend (Doc. 24) is **DENIED** as futile;

2. The Defendants' Motion and Memorandum for Judgment on the Pleadings (Doc. 17) is **GRANTED in part**;

3. All federal claims in Plaintiff's Complaint (Doc. 1-2) and Amended Complaint (Doc. 14) are **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 12(b)(6) and 12(c);

4. Any state law claims in Plaintiff's Complaint (Doc. 1-2) and Amended Complaint (Doc. 14) are **REMANDED** to the First Judicial District Court, County of Santa Fe, State of New Mexico.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE