# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RANDAL K.  PRUIT,

       Plaintiff,

vs.                            No. 2:22-cv-00372-WJ-KRS

STATE OF NEW MEXICO,
FRED VAN SOLEN,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGEMENT (sic) PURSUANT TO RULE 59(e)

**THIS MATTER** is before the Court on the Motion to Alter OR Amend Judgement (sic) pursuant to Rule 59(e) filed by Plaintiff pro se Randal K. Pruit on November 16, 2022 (Doc. 39). The Court denies the Motion to Alter OR Amend Judgement.

Under Fed. R. Civ. P. 59, a plaintiff may seek to alter or amend a judgment. A motion to alter or amend a judgment must be filed within 28 days after entry of judgment.  Fed. R. Civ. P. 59(e).  Plaintiff Pruit's Motion seeking reconsideration was timely filed within 28 days after entry of Judgment.  (Doc. 5, 6, 10).  Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff Randal K. Pruit filed his *pro se* Complaint for Negligence and Civil Rights Violations on March 16, 2022 in the First Judicial District Court, County of Santa Fe, State of New Mexico.  (Doc. 1-2). The Complaint was removed to this Court by the Defendants on May 13, 2022 based on the existence of a federal question.  (Doc. 1).  Plaintiff filed an Amended Complaint on July 28, 2022. (Doc. 14).

The Defendants filed their Motion for Judgment on the Pleadings on August 15, 2022. (Doc. 17).  Plaintiff responded (Doc. 27) and Defendants replied. (Doc. 30).  Defendants' Motion sought dismissal of the claims in this case based on 11th Amendment sovereign immunity, prosecutorial immunity, the bar of *Heck v. Humphry*, the bar of the statute of limitations, qualified immunity, and immunity under the New Mexico Tort Claims Act.  (Doc. 17 at 9-17).  The Court granted dismissal of Plaintiffs' federal claims based on sovereign and prosecutorial immunity and on the *Heck* and statute of limitations bars and remanded any state law claims to state court. (Doc. 36).

Plaintiff's Motion to Alter OR Amend Judgment seeks reconsideration of the Court's November 1, 2022 on five grounds: (1) that his claims against Defendant Van Solen should not be barred by prosecutorial immunity; (2) that the statute of limitations should not bar his claims; (3) that *Heck v. Humphry* should not be applied to his claims; (4) deprivation of a property right and conspiracy (raised for the first time post-judgment); and (5) that Defendants should not have filed a certificate that briefing was complete on their Motion to Dismiss because he still had time to file a reply in support of his Motion for Summary Judgment.  (Doc. 39).  Plaintiff Pruit's Rule 59(e) Motion does not establish any grounds for reconsideration of the Court's ruling in this case. Plaintiff does not assert any intervening change in the controlling law.  Nor does he come forward with any evidence that was previously unavailable.  Last, his arguments do not show any need to

correct clear error or prevent manifest injustice.  *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d at 948.

 Plaintiff first contends that the claims against Defendant Van Solen should not be barred based on sovereign immunity because Van Solen's actions took place in 2007, when an Amended Judgment and Sentence was entered on Plaintiff's convictions, rather than in 2005 when Plaintiff entered a guilty plea and the original Judgment and Sentence was entered by the State District Court.  Plaintiff essentially argues that because the actions occurred after the original Judgment and Sentence, prosecution of his criminal case had already concluded and Van Solen's actions could not be associated with and a part of the judicial phase of the criminal prosecution.  (Doc. 39 at 2-3).

Plaintiff's contentions, however, are contrary to the law and Van Solen's actions taken with respect to entry of the Amended Judgment and Sentence were clearly post-conviction proceedings integral to the judicial process.  *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).  Plaintiff cites to generalized dicta in (1) the dissent in *United States v. Haymond*, 139 S.Ct. 2369, 2393 (2019) and (2) an unpublished memorandum opinion out of the District of Kansas, *Couch v. Mitchell,* No. 15-cv-4926-DDC-KGS (D. Kan. Sept. 20, 2016). The cases cited by Plaintiff do not constitute any change in the controlling law and do not afford any basis for reconsideration.  Any federal claims against Van Solen are barred by prosecutorial immunity. *See Imbler*, 424 U.S. at 430; *Carter v. Burch,* 34 F.3d 257, 253 (4th Cir. 1994); *Martinez v. Winner,* 778 F.2d 553, 555-556 (10th Cir. 1985); *Buckley v. Fitzsimmons,* 509 U.S. 259, 271 (1993).

Plaintiff next argues that his claims should not be considered barred by the applicable statute of limitations even though they occurred 15 years prior to filing suit.  (Doc. 39 at 3-4). Plaintiff argues that Defendant Van Solen covered-up and failed to disclose entries made on the

public court docket and that Van Solen's "statutory *duty to disclose"* tolls the running of the statute of limitations. (Doc. 39 at 4).

Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998).

Plaintiff cites to no statutory authority but, instead, relies on New Mexico Rules of Criminal Procedure to support his contention that Van Solen had a "statutory" duty to disclose ministerial corrections to the record directly to Plaintiff Pruit rather than to Pruit's criminal defense counsel.  (Doc. 39 at 3-7).  The record clearly reflects that Pruit's criminal defense counsel was aware of, reviewed, and participated in entry of the amended docket entries in 2007.  (Doc. 27-1 at 11-12).  The procedural rules cited by Plaintiff do not toll the running of the statute of limitations from 2007 until Pruit fortuitously reviewed the criminal docket fifteen years later.  *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212-1216 (10th Cir. 2014).  *Marsh v. Soares,* 223 F.3d at 1220; *Burger v. Scott,* 317 F.3d at 1141; *Miller v. Marr*, 141 F.3d at 977-78.

In its Memorandum Opinion and Order, the Court concluded that, even if Plaintiff's federal claims were not barred by prosecutorial immunity or the statute of limitations, all claims were independently barred by sovereign immunity of the State and by *Heck v. Humphry,* 512 U.S. 477, 487 (1994).  (Doc. 36 at 4-5, 6-8).  Plaintiff does not address sovereign immunity, but argues that the *Heck* doctrine should not apply because his failure to file a timely habeas corpus proceeding challenging his conviction was not due to his own lack of diligence.  (Doc. 39 at 11).  Plaintiff

4

cites *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010); however, *Cohen* does not support his argument.  *Cohen* involved an underlying immigration proceeding, not a state criminal proceeding, habeas corpus was not available as a remedy in that proceeding, and *Heck* did not bar civil rights claims related to that immigration proceeding. 621 F.3d at 1315-1317.   Unlike in *Cohen*, habeas corpus was available to Plaintiff Pruit in the New Mexico state proceedings, Pruit could have sought habeas corpus or other forms of post-conviction relief following entry of the original criminal judgment and sentence, or the amended judgment and sentence. See NMRA 5-801, 5-802, and 5-803. The record discloses no evidence of any impediment to filing of such a proceeding. Pruit's failure to seek habeas or other post-conviction relief does not alter the *Heck* bar to his federal civil rights claims because his criminal convictions have never been set aside in a manner that is inconsistent with guilt. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff contends, for the first time, that he has federal civil rights claims for "Deprival of Property Right and Conspiracy" that should be permitted to proceed.  (Doc. 39 at 7-11).  In essence, Plaintiff claims that a conspiracy between the prosecutor, non-party Court, and non-party defense counsel deprived him of a cause of action.  (Doc. 39 at 7-10).   Plaintiff argues:

> "The instant case is just one in a long line of cases where the 9th Judicial District Attorney's office has conspired with private citizens to violate rights of defendants In the court system . . . Mr. Lindsey as well as the 9th Judicial District Attorney's Office have a LONG history going all the way back to 1991 of conspiring with other Government and private actors to deprive a citizen of his constitutional rights."

(Doc. 39 at 10).  Plaintiff recites a litany of complaints against his former defense counsel, Lindsey, without evidentiary support.  (Doc. 39 at 10). Plaintiff's post-judgment argument is raised too late in the proceedings. *See Logan v. Andrus,* 640 F.2d 269 (10th Cir.) (no error where trial court

refused to consider a constitutional issue raised for first time in a post-judgment motion); *Bldg. & Const. Trades Dep't, AFL-CIO v. Rockwell Int'l Corp.*, 758 F. Supp. 1428, 1429 (D. Colo. 1991).

Further, even if the Court were to consider Plaintiff's new theory, any claims against the prosecutor, Van Solen still would be barred by prosecutorial immunity, statute of limitations, and *Heck*.  Any claims against the New Mexico state court or judge would be barred by sovereign and absolute judicial immunity, and any claims against defense counsel could not be brought as federal civil rights claims.  *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Polk County. v. Dodson,* 454 U.S. 312, 315 (1981).

Plaintiff Pruit also complains that because he had made a request for summary judgment and there was still time for filing a reply in support of his summary judgment request, Defendants' submission of a notice that briefing was complete on the Motion for Judgment on the Pleadings was improper.  (Doc. 37 at 1-2).  Plaintiff's request for summary judgment did not comply with Fed. R. Civ. P. 56 and was made as part of Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings.  (Doc. 27 at 8-9, 23-26).  Plaintiff did not file a separate motion and Plaintiff would not have been entitled to file what amounts to a surreply without leave of the Court. D.N.M.LR-Civ. 7.4(b).  Once Defendants' Reply on their Motion was filed, Plaintiffs were properly permitted to file a notice that briefing was complete on the Motion.  D.N.M.LR-Civ. 7.4(e).  Defendant was not obligated to wait on additional filings from Plaintiff, nor was the Court obligated to hold its ruling in abeyance while Plaintiff continued to submit meritless filings.

Moreover, even assuming Plaintiff's motion had complied with the requirements of Rule 56, the Court's dismissal of all federal claims on Defendants' Motion for Judgment on the Pleadings rendered Plaintiff's summary judgment request moot to the extent it sought summary judgment on the federal claims.  Insofar as Plaintiff was seeking summary judgment on state law

claims, the case was remanded to state court without a determination on the merits by this Court and that matter remains pending in state court.

**IT IS ORDERED** that the Motion to Alter OR Amend Judgement (sic) pursuant to Rule 59(e) filed by Plaintiff pro se Randal K. Pruit on November 16, 2022 (Doc. 39) is **DENIED** and this case remains **CLOSED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE